UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLI J. MCGEHEE** | **CIVIL ACTION** |
| **VERSUS** | **NO:    08-3851 c/w 08-4886** <br> **[ref: 08-3851]** |
| **STATE FARM GENERAL INSURANCE COMPANY, ET. AL.** | **SECTION: "C" (5)** |

## ORDER AND REASONS

Before the Court are the following: 1) defendant State Farm General Insurance Company's ("State Farm") Motion to Dismiss (Rec. Doc. 5); 2) State Farm's Motion to Dismiss Original Complaint and Superceding Complaint (Rec. Doc. 23); and 3) Scott Catalanotto and Scott Catalanotto Insurance Agency's Motion to Dismiss Party (Rec. Doc. 25). This Court heard oral argument from the parties on December 10, 2008. Based on the arguments by the parties, the memoranda, and the applicable case law, the Court finds as follows.

**Law and Analysis:**

When considering a motion to dismiss under 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)(emphasis added). While

a plaintiff must do more than cite "labels and conclusions" to survive a motion for dismissal, "[r]ule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 -1965 (2007)(*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (noting a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*State Farm's Motions to Dismiss Complaint and Superceding Complaint (Rec. Doc. 5, 23)*

After State Farm filed its first motion to dismiss, plaintiff was granted leave to file a supplemental, amending, and superseding complaint. (Rec. Doc. 18). In her amended complaint, plaintiff no longer claims defendants violated the Fair Labor Standards Act (FLSA) and therefore that issue is now moot. Defendant State Farm filed a second motion to dismiss based on the amended complaint. Other than the FLSA claim, both the first and the second motion to dismiss raise the same legal arguments, namely that plaintiff fails to state a claim under 28 U.S.C. 1985(3) and that plaintiff's negligence claims are barred by Louisiana's workers' compensation scheme.

28 U.S.C. 1985(3) Claim

The Fifth Circuit held that as long as the right protected under sections 1983 and 1985 is a right independently protected by constitution or statute other than Title VII, then Title VII and sections 1983 and 1985 are supplemental remedies. *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997)(holding Title VII does not pre-empt claims under 42 U.S.C. 1983 and 1985(3))(emphasis added). This reasoning sufficiently comports with the Supreme Court's holding

that "deprivation of a right *created by Title VII* cannot be the basis for a cause of action under section 1985(3)." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979)(emphasis added). In *Southard*, a *public* employee had an independent right to equal protection under the Fourteenth Amendment that was sufficient to invoke the section 1983 and 1985 remedies. *Southard*, 114 F.3d at 550.

In this case, plaintiff has alleged sexual harassment and a hostile work environment. As alleged, plaintiff has failed to provide an independent basis for her claim under 28 U.S.C. 1985(3) other than Title VII. The Court notes, however, that none of the defendants have filed an answer in this case. In addition, the Court notes plaintiff's argument that discovery may reveal additional information sufficient to plead an independent basis for liability under 28 U.S.C. 1985(3). Therefore, this claim is DISMISSED without prejudice to the right of plaintiff to seek leave to amend to assert sufficient facts and allegations to support their argument for liability under 28 U.S.C. 1985(3).

Negligence

By statute, workers' compensation is the exclusive remedy for injuries sustained in the course and scope of their employment.

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages...

La. R.S. 23:1032. Plaintiff conceded at oral argument that she fails to state a valid claim of negligence given the statutory bar. Therefore, the claims of negligence against defendant State

Farm are DISMISSED.

*Scott Catalanotto and Catalanotto Insurance Agency Motion to Dismiss (Rec. Doc. 25)*

Scott Catalanotto and Catalanotto Insurance Agency (collectively"Catalanotto") raise the same two legal arguments as defendant State Farm.  For the foregoing reasons, plaintiff's claims under 28 U.S.C. 1985(3) against defendants Catalanotto, individually and as an agency, are hereby DISMISSED without prejudice to the right of plaintiff to seek leave to amend to assert sufficient facts and allegations to support their argument for liability under 28 U.S.C. 1985(3).  Plaintiff's negligence claims against  Catalanotto, individually and as an agency, are also DISMISSED.

Title VII Claim

Non-employers are not individually liable under Title VII.  *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.), cert. denied, 513 U.S. 1015 (1994)(holding Title VII did not impose liability on an individual, such as a plaintiff's supervisor.).  Therefore, Scott Catalanotto, who is sued in his individual capacity, can not be liable under Title VII.

As to the Catalanotto Insurance Agency, under Title VII, an employer must employ 15 or more individuals. 42 U.S.C. 2000(e)(b).  As evidence that he is not such an employer, Catalanotto provides documents submitted to the IRS proving he had fewer than 15 employees.  Plaintiff does not contest that Catalanotto employs fewer than 15 individuals, but rather argues that Catalanotto and State Farm should be considered a "single entity for instant purposes." (Rec. Doc. 29 at 7).  The relevant employer under plaintiff's theory of liability is State Farm.  Therefore, the Title VII claims, pursuant to 42 U.S.C. 2000(e) *et seq.*, are hereby DISMISSED against Catalanotto Insurance

4

Agency and Scott Catalanotto, individually.

Intentional Infliction of Emotional Distress

Defendant claims that the facts alleged by plaintiff, even if taken as true, fail to rise to the level of extreme and outrageous conduct required for intentional infliction of emotional distress claims. "Activity in the Louisiana workplace environment can give rise to a cause of action for intentional infliction of emotional distress, but this state's jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time." *King v. Bryant,* 822 So.2d 214, 217, 2001-1379 , 4 (La.App. 3 Cir., 2002)(internal quotations and citations omitted).  Plaintiff in this case has alleged ongoing, deliberate and repeated harassment.  Plaintiff's claim of intentional infliction of emotional distress is a fact-specific question and therefore inappropriate for dismissal under 12(b)(6).  Therefore, the Court DENIES defendant Catalanotto's motion to dismiss plaintiff's intentional infliction of emotional distress claim.

**Conclusion**

In accordance with the reasons expressed in this opinion,

IT IS ORDERED that defendant State Farm's first Motion to Dismiss is MOOT in light of the amendment and State Farm's subsequent motion to dismiss; (Rec. Doc. 5).

IT IS FURTHER ORDERED that defendant State Farm's Motion to Dismiss Original Complaint and Superceding Complaint (Rec. Doc. 23) is GRANTED without prejudice as to the claims under 28 U.S.C. 1985(3) and with prejudice as to the state negligence claims;

IT IS FURTHER ORDERED that Scott Catalanotto and Scott Catalanotto Insurance Agency's Motion to Dismiss Party (Rec. Doc. 25) is GRANTED without prejudice as to the claims

under 28 U.S.C. 1985(3) and with prejudice as to the state negligence claims and any claims under 42 U.S.C. 2000(e) *et seq*. and DENIED as to the claim of intentional infliction of emotional distress.

New Orleans, Louisiana, this 18th day of December, 2008.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**