# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| KELLI MCGEHEE ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-3851 |
| STATE FARM GENERAL INSURANCE COMPANY, ET AL | SECTION: "C" (5) |

## ORDER AND REASONS

Before the Court is a Motion for Review of Clerk's Action by plaintiffs Kelli McGehee and Myra Nobles. (Rec. Doc. 174). The motion is before the Court on the briefs without oral argument. Having reviewed the record, memoranda of counsel, and the law, the Court DENIES the motion for the following reasons.

## I. Law and Analysis

On April 26, 2010, the Court granted Defendants' motion for summary judgment, dismissing the above captioned matter with prejudice. (Rec. Doc. 175). Federal Rule of Civil Procedure 54(d)(1) provides that, absent specific circumstances indicating otherwise, "costs-other than attorneys' fees-should be awarded to the prevailing party." Fed.R.Civ.P. 54(d)(1). Title 28, United States Code, Section 1920 states that recoverable costs include, among other potential expenses, "fees of the court reporter used for all or any part of the stenographic transcript necessarily obtained for use in the case;" "fees and disbursements for printing and witnesses;" and "fees for exemplification and copies of papers necessarily obtained for use in the

case." 28 U.S.C. § 1920. The Court conducts a *de novo* review of the Clerk's award of costs. *See Krouse v. Amer. Sterilizer Co.*, 928 F.Supp. 543, 544 (W.D. Penn.1996).

Plaintiffs object to 1) the costs for printing certain depositions and 2) certain copying costs. (Rec. Doc. 174-1 at 4, 6).

They object to the deposition printing costs on the grounds that the depositions were employees of defendant State Farm and were not used in the defendants' motions for summary judgment. The Fifth Circuit Court of Appeals has consistently held that a deposition need not be introduced into evidence or used at trial in order for it to be "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991). If, at the time the deposition is taken, a deposition could "reasonably be expected to be used for trial preparation," rather than merely for discovery, it may be included in the costs of the prevailing party. *Id.* Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs. *Id.* Whether a deposition or copy was "necessarily obtained for use in the case" is a factual determination to be made by the Court, which is accorded great latitude on appeal. *Id.* Such factual determination is made "in light of the facts known to counsel at the time [the deposition] was taken." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 258 (5th Cir.1997). The objected-to depositions were entirely of individuals who plaintiffs either listed as trial witnesses (Rec. Doc. 89) or referenced in their opposition to defendants' motions for summary judgment. (Rec. Doc. 121). It was entirely reasonable for defense counsel to obtain hard copies of the depositions under these circumstances.

Plaintiffs object to the copying costs on two grounds. First they argue that the medical

2

records of the plaintiffs were not used and were irrelevant, so the costs should not be allowed. (Rec. Doc. 174-1 at 6). Defendants argue that review of the plaintiffs' medical records was necessary to refute the claims of intentional of negligent infliction of emotional distress. (Rec. Doc. 175). Plaintiffs claimed injury from emotional distress in their complaint. (Rec. Doc. 1 at 5). The Court concludes that the plaintiffs put their medical care at issue by claiming emotional distress injuries. These costs were therefore reasonable.

Finally, plaintiffs argue that a $96 charge for the copying of documents produced to Plaintiffs by Defendants was unreasonable because the copying was done "in-house." (Rec. Doc. 174-1 at 7). In support, they cite *Simmons v. O'Malley*, 235 F.Supp.2d 442 (D.Md. 2002). However, that case acknowledged that when copies of documents are furnished to opposing counsel, as was the case here, those costs are recoverable. *Id.* at 443. Discovery responses are not, as plaintiffs assert, for "convenience of counsel." *Id.*

Accordingly,

IT IS ORDERED that Defendants' Motion for Review of Clerk's Action is DENIED.

New Orleans, Louisiana, this 18th day of August, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

3